# STATE OF MICHIGAN

# COURT OF APPEALS

DIONTE MOORE,

        Plaintiff/Counter Defendant-
        Appellee,

and

OMEGA PT, L.L.C.,

        Intervening Plaintiff/Counter
        Defendant-Appellee,

and

FIRST NATIONAL REHABILITATION and
GREAT LAKES TRANSPORTATION,

        Intervening Plaintiff.

v

AUTO-OWNERS INSURANCE COMPANY,

        Defendant/Counter Plaintiff-
        Appellant.

UNPUBLISHED
October 27, 2016

No. 327872
Wayne Circuit Court
LC No. 14-000264-NF

AAA MEDICAL TRANSPORTATION,

        Plaintiff/Counter Defendant-
        Appellee,

v

AUTO-OWNERS INSURANCE COMPANY,

        Defendant/Counter Plaintiff-
        Appellant.

No. 327946
Wayne Circuit Court
LC No. 14-007261-CZ

Before: FORT HOOD, P.J., and GLEICHER and O'BRIEN, JJ.

-1-

O'BRIEN, J. (*concurring in part and dissenting in part*).


I write separately to express my disagreement with the majority's conclusion with respect to Omega PT, L.L.C. In this case, the trial court granted Auto-Owners Insurance Company's motion for summary disposition pursuant to MCR 2.116(C)(10), which was premised entirely on a provision of Dionte Moore's insurance agreement that prohibited the payment of insurance benefits in the event that a claim was fraudulent. Omega has not appealed that decision. Yet, the majority concludes that a question of fact remains with respect to whether Omega's claim was fraudulent, essentially granting relief on a cross-appeal that was never filed.[1] Had Omega wished to challenge the trial court's order granting summary disposition, it certainly could have, and my analysis may well have been different. But, it did not. Instead, Auto-Owners appealed the trial court's decision not to award sanctions despite the fact that, as the majority explains, sanctions are mandatory when a claim is frivolous. Because the trial court found, as a matter of law, that Moore's, Omega's, and AAA Medical Transportation's claims were fraudulent, sanctions are mandatory pursuant to MCR 2.625(A)(2) and MCL 600.2591. Accordingly, I would reverse and remand with respect to Omega as well.

/s/ Colleen A. O'Brien

---

[1] Alternatively, it may be that the majority is treating the fraud and frivolousness inquiries as entirely separate inquiries. While I agree that, ideally, they should be determined separately, I am not willing to conclude that a claim that was determined to be fraudulent as a matter of law could somehow not be frivolous.